IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELI H. RADFORD, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 3:21-CV-02650-L (BH) |
| | ) | |
| DIRECTOR, TDCJ, et al., | ) | |
|     Defendants. | ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's claims against the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice in his official capacity should be **DISMISSED WITHOUT PREJUDICE,** and the remaining claims should be **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

This lawsuit filed by Eli H. Radford (Plaintiff), a *pro se* former Texas prisoner, arises from his convictions for aggravated robbery (F-0176220), possession of a controlled substance (F-0050881), and assault (F-01344788), in Dallas County more than twenty years ago.[2] (*See* doc. 3 at 3-5; doc. 6 at 2, 4, 6, 9, 10, 14.)[3] Plaintiff claims that the current director of the Correctional Institutions Division of the Texas Department of Criminal Justice (Director), in his official capacity, conspired with the Dallas County District Attorney (DA), a Dallas County Assistant District Attorney (ADA), a state magistrate judge (Judge), a state representative

---

[1] By *Special Order No.* 3-251, this *pro se* case has been automatically referred for judicial screening.

[2] Plaintiff has discharged his sentences in these cases. In 2001, he received a 20-year sentence for the aggravated robbery and a 7-year sentence for the assault. *Radford v. Director, TDCJ-CID*, 3:21-CV-01059-M-BN (N.D. Tex. Apr. 7, 2023), doc. 28-1 at 4. In 2000, he received a 180-day sentence for the possession of a controlled substance. (doc. 28-1 at 5.)

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(Representative), and a criminal complainant (Complainant)[4] to give him an excessive 20-year prison sentence for his aggravated robbery conviction in violation of his constitutional rights, including his right to bear arms, right to free speech, and other rights guaranteed under the first ten amendments. (*See* doc. 6 at 2, 9.) He includes no specific allegations against the named Assistant Attorney General (AAG) who represented the state in Plaintiff's prior federal habeas proceedings,[5] although he references "mental incompetence," "ineffective assistance of counsel," "double jeopardy," and "mistrial." (doc. 3 at 3.)

Plaintiff seeks monetary damages, including a set amount for each year he was incarcerated resulting in a total of $1.6 million, as well as an additional $1.6 million for each constitutional amendment allegedly violated. (doc. 6 at 2, 6, 9, 14.) He also seeks an evidentiary hearing and legal representation in his federal habeas proceedings. (doc. 3 at 4; doc. 6 at 2, 6.)

## II. PRELIMINARY SCREENING

Plaintiff was incarcerated when he filed this lawsuit. (*See* doc. 3 at 1, 8.) His complaint is therefore subject to preliminary screening and dismissal under 28 U.S.C. § 1915A, which applies when a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. *See, e.g.*, *Wilson v. Mancuso*, No. 1:21-cv-00987, 2021 WL 2556254, at *1 (W.D. La. June 21, 2021) (noting that "the screening provisions of § 1915 apply even if the prisoner-plaintiff is subsequently released during the pendency of the civil action") (citing *Dollar v. Coweta Cty. Sheriff Office*, 510 F. App'x 897, 900 (11th Cir. 2013)); *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d

---

[4] Plaintiff originally listed a United States Magistrate Judge sitting in this district as a defendant but has since clarified that he does not intend to sue that judge. (doc. 6 at 7.)

[5] Judgment was entered against Plaintiff in his prior federal habeas proceedings; he did not appeal it. *Radford*, 3:21-cv-01059-M-BN, doc. 33.

Cir. 2001); *In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997); *Burkes v. Tranquilli*, Civil Action No. 08-474, 2008 WL 2682606, at *2 (W.D. Pa. July 2, 2008).

Section 1915(A) provides for *sua sponte* dismissal of the complaint, or any part of it, if the Court finds it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. SECTION 1983

Because Plaintiff is suing state actors for the alleged violation of his constitutional rights, his claims arise under 42 U.S.C. § 1983. To prevail, he must allege facts showing that (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

#### A. *Heck v. Humphrey*

Initially, many of Plaintiff's claims appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

3

declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." 512 U.S. at 486-87.

Here, Plaintiff alleges that he was wrongfully incarcerated and is entitled to monetary damages. (*See*, *e.g.* doc. 6 at 14.) He alleges a conspiracy to give him an excessive criminal sentence, (doc. 6 at 2, 9), and he also mentions double jeopardy, ineffective assistance of counsel, mistrial, and mental incompetence. (doc. 3 at 3, doc. 6 at 9.) He has not plausibly alleged that any of his state convictions have been invalidated, and any finding that he was entitled to damages because he was wrongfully convicted or incarcerated would undermine the validity of his convictions. *See*, *e.g.*, *Phillips v. Texas*, SA-19-CV-01261-XR, 2019 WL 6873678, at *3 (W.D. Tex. Dec. 17, 2019) ("Plaintiff does not allege that his conviction or sentence was reversed on appeal, expunged, or declared invalid. Accordingly, Plaintiff's claim seeking expungement of his criminal record and monetary damages for his wrongful conviction and incarceration are not cognizable in this Section 1983 action."); *Butler v. Tidwell*, Civil Action No. 4-20-CV-00600-RAS-CAN, 2021 WL 4025379, at *7 (E.D. Tex. June 29, 2021) ("The Fifth Circuit has repeatedly held that claims alleging 'ineffective assistance, prosecutorial misconduct, trial court error, judicial misconduct, juror misconduct, and wrongful incarceration are all barred by *Heck*.'"), *rec. accepted* 2021 WL 3930979 (E.D. Tex. Sep. 1, 2021) (citing *Thomas v. Link*, No. 19-CV-0252, 2019 WL 2397641, at *2 (W.D. La. June 4, 2019); *Mouton v. Louisiana*, 547 F. App'x 502 (5th Cir. 2013) (per curiam)).

"Even if a complaint is subject to dismissal under *Heck*, it remains appropriate for district courts to resolve the question of immunity before reaching the *Heck* analysis." *Little v. Bd. of Pardons and Parole Div.*, 68 F.3d 122, 123 (5th Cir. 1995); *see also Patton v. Jefferson*

*Corr'l Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998). It is also appropriate to dismiss otherwise *Heck*-barred claims for reasons besides *Heck* when doing so would be more efficient. *See, e.g.*, *Wiggins v. Vordenstein*, No. 06-10813, 2007 WL 203970, at *3 (E.D. La. Jan. 24, 2007).

Here, it is appropriate to dismiss Plaintiff's claims for reasons other than *Heck* because most are barred by immunity, the remaining claims also fail, and dismissing them on the merits is more efficient.

### B. Eleventh Amendment Immunity

Plaintiff maintains that he does not want to sue Director specifically, but rather his "title." (doc. 6 at 4.)[6] He is therefore suing Director in his official capacity, which is another way of pleading an action against the entity of which the individual defendant is an agent—in this case the TDCJ. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The TDCJ, as a state instrumentality, has Eleventh Amendment immunity. *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995). The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d

---

[6] Plaintiff's responses to the MJQ are an amendment to his pleadings. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Here, because Plaintiff seeks monetary damages against Director in his official capacity, the Eleventh Amendment bars his claims, and they should be dismissed without prejudice. *See*, *e.g.*, *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("We twice have held that the Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity.") (citing *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998); *Aguilar v. TDCJ*, 160 F.3d 1052, 1054 (5th Cir. 1998)); *see also Quinones v. Davis*, No. 3:19-CV-02800-M (BH), 2021 WL 863221, at *2 (N.D. Tex. Feb. 1, 2021), *rec. accepted* 2021 WL 857110 (N.D. Tex. Mar. 8, 2021) ("The Eleventh Amendment bars Plaintiff's suit against the Director of TDCJ-CID in his official capacity, and it may be dismissed on that basis.") (citations omitted).

C. **Prosecutorial Immunity**

Plaintiff sues AAG solely for representing the State of Texas in response to Plaintiff's federal habeas petition. (doc. 3 at 3; doc. 6 at 6.) He also sues the DA and ADA who originally prosecuted him, arguing that they conspired with Judge, Representative, and Complainant to impose an excessive prison sentence. (*See* doc. 6 at 9.)

Prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Absolute prosecutorial immunity also extends to a prosecutor's advocacy role in post-conviction proceedings. *See Brown v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976); *see also Warney v. Monroe Cty.*, 587 F.3d 113, 122-23 (2d Cir. 2009) ("Several courts have already held, or suggested, that absolute immunity shields work performed by prosecutors opposing habeas petitions.") (collecting cases). The Supreme Court has explained

that "conduct in 'initiating a prosecution and in presenting the State's case,'…insofar as that conduct is 'intimately associated with the judicial phase of the criminal process'" is entitled to such immunity. *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 430-31). Absolute immunity protects prosecutors from liability even when they act "maliciously, wantonly or negligently." *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985). However, absolute immunity does not protect prosecutors from liability "when they act outside of their role in the judicial process, for instance, when they engage in administrative or investigative acts." *Bogard v. Lowe*, SA-21-CV-00021-FB, 2022 WL 1050332, at *6 (W.D. Tex. Apr. 6, 2022) (citing *Burns*, 500 U.S. at 493).

Here, because the only conduct by AAG that Plaintiff challenges is advocacy on behalf of the State, AAG is entitled to absolute prosecutorial immunity from his claims for money damages, and those claims should be dismissed. *See Burns*, 500 U.S. at 486 (conduct in initiating a prosecution and presenting the State's case is entitled to absolute prosecutorial immunity).[7]

---

[7] Unlike Director, Plaintiff does not specify whether he is suing AAG, DA, ADA, Judge, and Representative in their official or individual capacities. Federal courts look to the substance of a plaintiff's § 1983 claims to determine if a defendant is sued in his official or individual capacity. *See Graham*, 473 U.S. at 167 n.14; *Dillon v. Jefferson Cty. Sheriff's Dep't*, 973 F.Supp. 628, 631 (E.D. Tex. 1997). When a complaint is unclear as to whether the defendant is sued in his or her individual or official capacities, "the Court must look to the substance of the claims, the relief sought, and the course of the proceedings to determine in which capacity the defendant is sued." *Hopkins v. Guzman*, No. 06-5022, 2007 WL 2407247, at *4 (E.D. La. Aug. 17, 2007) (citing *United States ex rel. Adrian v. Regents of Univ. of Ca.*, 363 F.3d 398, 402-03 (5th Cir. 2004). Because Plaintiff only seeks monetary damages from these defendants, it appears that they are sued only in their individual capacities. *See Thomas v. Dallas Hous. Auth.*, No. 3:14-CV-4530-B-BN, 2015 WL 2192785, at *5 (N.D. Tex. May 11, 2015) (factoring in the plaintiff's request for compensatory damages in determining that the suit was an individual capacity suit); *Dillon*, 973 F.Supp. at 631 (stating that factors such as the defendant's name, unlawful conduct, and relief sought are used in determining whether the suit was an official or individual capacity suit). If Plaintiff is suing AAG, DA, ADA, Judge, and Representative in their official capacity for monetary damages, the Eleventh Amendment bars his claim because such suits are effectively against the State. *See, e.g.*, *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 639 (N.D. Tex. 2007); *Claybon v. Dallas Cty Criminal Court #1*, No. 3:21-CV-1864-L-BH, 2022 WL 837932, at *2 (N.D. Tex. Feb. 22, 2022), *rec. accepted* 2022 WL 837196 (N.D. Tex. Mar. 21, 2022) ("When acting in their official prosecutorial capacities, Texas district attorneys and assistant district attorneys are considered agents of the State, so any suit against the DA and ADAs in their official capacities is a suit against the State of Texas.") (collecting cases); *Thomas v. State*, 294 F.Supp.3d 576, 592 (N.D. Tex. 2018), *rec. accepted* 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018) ("Plaintiff's suit against the state judges in their official capacities is a suit against the State.").

As for DA and ADA, Plaintiff's claims against them appear to stem from their criminal prosecution of him. His vague and conclusory conspiracy allegations are insufficient to plausibly allege that they acted outside of their prosecutorial roles. *See Kimble v. Parish of Jefferson*, Civil Action No. 21-409, 2021 WL 6618459, at *12 (E.D. La. Nov. 3, 2021), *rec. accepted* 2022 WL 185197 (E.D. La. Jan. 20, 2022), *aff'd* 2023 WL 1793876 (5th Cir. Feb. 7, 2023) (per curiam) (citing *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991)). They are also entitled to prosecutorial immunity from Plaintiff's claim for monetary damages, and those claims should also be dismissed.

### D. Judicial Immunity

Plaintiff also claims that Judge was involved in the conspiracy to impose an excessive sentence. (doc. 6 at 9.) The Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982). Judges are immune from suit for damages resulting from any judicial act. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Allegations of bad faith or malice do not overcome judicial immunity. *Id.* at 11. A plaintiff can overcome the bar of judicial immunity only under two very limited circumstances. *See Mireles*, 502 U.S. at 11-12; *see also Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1984).

First, a judge is not immune from suit for actions that are not "judicial" in nature. *See Mireles*, 502 U.S. at 11. "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Davis v. Tarrant Cty. Tex.*, 565 F.3d 214, 222 (5th Cir. 2009) (quoting *Mireles*, 502 U.S. at 12). "[T]he relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.' In other words, [a court

should] look to the particular act's relation to a general function normally performed by a judge…" *Id.* Second, a judge is not immune from suit for actions that although judicial in nature, are taken in the complete absence of jurisdiction. *See Mireles*, 502 U.S. at 12; *see also Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993).

Here, Plaintiff appears to sue Judge based on his conduct as a presiding magistrate judge in his criminal proceedings. Plaintiff has not alleged that Judge took action that was not judicial in nature or that Judge acted in the complete absence of jurisdiction. He alleges in conclusory fashion that Judge conspired against him, but mere allegations of conspiracy without more do not defeat judicial immunity. *See Holloway v. Walker*, 765 F.2d 517, 522 (5th Cir.), *cert. denied*, 474 U.S. 1037 (1985). Accordingly, Judge is entitled to immunity from Plaintiff's claims for monetary damages, and those claims should be dismissed.

### E. Failure to State a Claim

Plaintiff also claims that Representative and Complainant were involved in the conspiracy to impose an excessive sentence. (doc. 6 at 9.)

A plaintiff may assert a conspiracy claim under § 1983. *See Golla v. City of Bossier City*, 687 F. Supp. 2d 645, 662 (W.D. La. 2009) (citing *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995)) (quotations omitted). To state a conspiracy claim under § 1983, a plaintiff must allege facts to support "(1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990), *abrogated on other grounds as recognized by Martin v. Thomas*, 973 F.2d 449, 455 (5th Cir. 1992). A bald allegation that a conspiracy exists, unsupported by any factual allegations, is insufficient. *Lynch v. Cannatella*, 810 F.2d 1363, 1370 (5th Cir. 1987); *see also Green v. State Bar of Tex.*, 27 F.3d 1083, 1089 (5th Cir. 1994)

(stating that a plaintiff is required to allege facts sufficient to suggest an agreement among one or more parties).

Here, Plaintiff has alleged no facts to support his conspiracy claim, so he fails to state a claim against Representative and Complainant, and his claims against them should be dismissed with prejudice. *See*, *e.g.*, *Anderson*, 393 F. App'x at 217.[8]

### IV. LEAVE TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Leave to amend is not necessary, however, where the plaintiff has already pleaded his best case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted). Here, Plaintiff responded to a detailed questionnaire and has had ample opportunity to plead his best case, he mostly seeks to sue immune defendants, and his claims are barred by *Heck*. Further leave to amend is neither necessary nor warranted. *See*, *e.g.*, *Duke v. Dallas Cty.*, No. 3:20-CV-117-G (BH), 2021 WL 3525106, at *3 (N.D. Tex. June 25, 2021), *rec. accepted*, 2021 WL 3204565 (N.D. Tex. July 29, 2021).

---

[8] Even if DA, ADA, and Judge were not entitled to immunity, Plaintiff also fails to state a conspiracy claim against them because his allegations are similarly too conclusory to warrant relief. *See*, *e.g.*, *Anderson v. Law Firm of Shorty, Dooley & Hall*, 393 F. App'x 214, 217 (5th Cir. 2010) (per curiam) ("'Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient.''") (quoting *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (footnote omitted)).

10

## V. RECOMMENDATION

Plaintiff's claims against Director in his official capacity should be **DISMISSED WITHOUT PREJUDICE** under the Eleventh Amendment. His remaining claims should be **DISMISSED WITH PREJUDICE** for failure to state a claim.

SIGNED on June 20, 2023.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE