IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ELI H. RADFORD,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:21-CV-2650-L-BH** |
| § | |
| **DIRECTOR, TDCJ-CID, et al.**, § | |
| § | |
| Defendants. § | |

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 7) was entered on June 20, 2023, recommending that the Complaint (Doc. 3) filed by pro se Plaintiff Eli H. Radford ("Plaintiff") be dismissed. In the Complaint and responses to the magistrate judge's questionnaire, Plaintiff brings claims against the Director of the Texas Department of Criminal Justice, Correctional Institutions Division, in his official capacity, and Katherine Davis, an Assistant Attorney General for the State of Texas. Doc. 7 at 1-2. He also brings claims against the Dallas County District Attorney, a Dallas County Assistant District Attorney, a state magistrate judge, a state representative, and a criminal complainant, whose specific identities are unclear (collectively, "Defendants").[*] *Id*. His claims allege various violations of his constitutional rights by Defendants through a conspiracy to give him "an excessive 20-year prison sentence for his state aggravated robbery conviction." *Id*. at 2.

Although Plaintiff filed his Complaint while he was still incarcerated, he was released from prison in 2021. On July 13, 2023, he moved the court for an extension of time to file objections to

---

[*] After a close reading of Plaintiff's Complaint and response to the magistrate judge's questionnaire, the court is unable to discern the names of the Defendants whom Plaintiff wishes to sue. The names appear as: State Representative Mr. Carl Henry "Hank" Judinr III; Assistant District Attorney Ms. Maria Srills; Criminal District Attorney Bill Hill; State Magistrate Judge Stephen L. Halssy; and criminal complainant Mr. Jesse Romsro. Doc. 6 at 9.

**Order – Page 1**

the Report, asking for an additional 30 days to do so because of family hardships. *See* Doc. 8. The magistrate judge granted his request for a 30-day extension from the date his request was received—July 13, 2023—but incorrectly stated that the due date was August 3, 2023, which is less than 30 days. *See* Doc. 9. This clerical error, however, is of no moment because the court *sua sponte* granted Plaintiff additional time to respond, in light of the incorrect due date and the fact that Plaintiff is proceeding pro se. As of the date of this order—42 days after Plaintiff was granted his requested extension—Plaintiff has not filed objections, and the time to do so has passed.

Having considered the Complaint, questionnaire responses, Report, file, and record, the court determines that the magistrate judge's finding and conclusions in the Report are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses with prejudice** Plaintiff's claims against Katherine Davis and the unnamed Dallas County District Attorney, Dallas County Assistant District Attorney, state magistrate judge, state representative, and criminal complainant as barred by the *Heck*† doctrine, judicial immunity, prosecutorial immunity, and for failure to state a claim upon which relief may be granted.

Although the Report recommends that the court dismisses without prejudice Plaintiff's Eleventh Amendment claim against the TDCJ-CID Director in his official capacity, the court determines that this claim should also be dismissed with prejudice. In this case, Plaintiff's claim for monetary relief is barred by the Eleventh Amendment, regardless of whether the Director is sued in his official or unofficial capacity. Because Plaintiff cannot amend his claim to overcome this bar, the claim should be dismissed with prejudice. *See Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004) ("Such dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined."). Moreover, to dismiss

---

† *Heck v. Humphrey*, 512 U.S. 477 (1994).

**Order – Page 2**

Plaintiff's claim without prejudice would create the impression that he could file it again in the appropriate forum when there is no appropriate forum. The better course of action, therefore, is to dismiss the claim with prejudice. *See Maibie v. United States*, 2008 WL 4488982, *3 (N.D. Tex. Oct. 7, 2008) (dismissing claims with prejudice where barred because "no other court has the power to hear the case, nor can plaintiff[] redraft [his] claims to avoid the [barrier of the Eleventh Amendment.]"). Accordingly, the court **dismisses with prejudice** Plaintiff's claims for monetary relief against the TDCJ-CID Director in both his official and unofficial capacity.

Further, the provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Plaintiff has had ample opportunity to present his factual allegations to the court because he responded to the Magistrate Judge's questionnaire (Doc. 6), which asked pointed questions tailored to elicit any relevant and supporting facts. Plaintiff has also had opportunity to object to the Report—with generous extensions to respond from the court—and provide the court with additional factual basis for his allegations. He has failed to present a sufficient factual basis for his claims, despite these opportunities, and the court concludes that Plaintiff has stated his "best case."

*See Schiller* 342 F.3d at 566. The court therefore determines that permitting further pleading attempts would be an inefficient use of the parties' and the court's resources, cause unnecessary and undue delay, and also be futile. For these reasons, the court will not allow Plaintiff an opportunity to amend his pleading regarding his claims against these Defendants.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the magistrate judge's Report, the court concludes that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 25th day of August, 2023.

*[signature: Sam A. Lindsay]*
Sam A. Lindsay
United States District Judge